1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LIONELL THOLMER,                          No. 2:20-cv-1977-EFB P

12                   Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   PATRICK COVELLO, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has requested leave to proceed in forma pauperis.  ECF No. 2.  Under Title 28

19   U.S.C. § 1915(g):

20        In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner
          has, on 3 or more prior occasions, while incarcerated or detained in any facility,
21        brought an action or appeal in a court of the United States that was dismissed on the
          grounds that it is frivolous, malicious, or fails to state a claim upon which relief may
22        be granted, unless the prisoner is under imminent danger of serious physical injury.

23        Court records indicate that plaintiff has previously had at least three cases dismissed for

24   failure to state a claim upon which relief may be granted.  The U.S. Court of Appeals for the

25   Ninth Circuit's "three strikes" database[1] (of which the court takes judicial notice) indicates that a

26   three-strikes order was first entered against plaintiff in February of 2008.  He has had at least

27

28        ───────────────
          [1] The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

                                              1

three cases dismissed for failure to state a claim.  The court takes judicial notice of: (1) *Tholmer v. Henderson, et al.*, 2:95-cv-01417-1 GEB-GGH PC (dismissed 04/30/1996 for failure to state a claim); (2) *Tholmer v. Smith, et al.*, 2:95-cv-01464-WBS-GGH PC (dismissed 08/16/1996 for failure to state a claim); and (3) *Tholmer v. Yates, et al.*, 1:06-cv-01592-AWI-DLB PC (dismissed 02/26/2008 for failure to state a claim).[2]

Plaintiff would still be entitled to proceed in forma pauperis if his complaint indicated that he was in imminent danger of serious physical injury.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049-1050 (9th Cir. 2007).  His most recent complaint is ninety-one pages and contains multiple claims ranging from due process violations at a disciplinary hearing (ECF No. 11 at 17) to retaliatory interference with legal mail and access to the courts (*id.* at 20). Plaintiff does allege that the various violations of his rights have caused him to engage in self-harm and suicidal ideation.  *Id.* at 19-20.  The court is not persuaded that these psychological effects meet the standard for imminent danger of serious physical injury.  Even assuming that the self-harm aspect qualifies as "danger of serious physical injury" for the purposes of 1915(g), there is an insufficient nexus between the psychological harms and the various claims in the complaint. *See Stine v. Federal Bureau of Prisons*, No. 1:13-CV-1883-AWI-MJS, 2015 U.S. Dist. LEXIS 120153, *12 (E.D. Cal. 2015) ("A 'three strikes' prisoner seeking to litigate IFP must allege facts that plausibly show he is imminent danger.  However, the allegations must also reveal a nexus between at least one cause of action and the imminent danger that is plausibly alleged.") (internal citations omitted).  Moreover, the proscription against frivolous litigation in 1915(g) would be circumvented if every three-striker could proceed *in forma pauperis* simply by arguing that any claim were negatively impacting his mental health.

In light of the foregoing, plaintiff's request to proceed in forma pauperis should be denied.

/////

/////

---

[2] Plaintiff's in forma pauperis status was revoked in another case in this district after it was determined he was a three-striker.  *See Tholmer v. Gonzales et al.*, No. 1:08-cv-00926 SMS PC at ECF Nos. 16 & 28.

1    Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United

2    States District Judge to this case.

3    Further, it is RECOMMENDED that:

4    1.  Plaintiff's applications to proceed in forma pauperis (ECF Nos. 12 & 14) be DENIED;

5    and

6    2.  Plaintiff be directed to tender the full 402 dollar filing fee within twenty-one days of

7    any order adopting these recommendations.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Such a document should be captioned

12   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15   Dated:  January 11, 2021.

16

17                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28